UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BOB A PUGH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SUSAN DREYFUS et al.<br><br>　　　　　Defendants. | CASE NO. C13-5295 RBL-JRC<br><br>REPORT AND RECOMMENDAITON TO DENY IN FORMA PAUPERIS STATUS<br><br>NOTED FOR:<br><br>JUNE 21, 2013 |

　　　This 42 §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

　　　Plaintiff seeks in forma pauperis status (ECF No. 3). The Court recommends denial of the application because plaintiff has failed to fill out completely the proper form and because he has not sworn under penalty of perjury that the financial information he provides to the Court is correct.

REPORT AND RECOMMENDATION - 1

1  Plaintiff initially sent the Court an application for in forma pauperis status on an improper
2  form (ECF No. 1). Plaintiff had not signed the complaint. The Court sent back the correct form
3  and the signature page of the complaint for the plaintiff's signature (ECF No. 2).   Plaintiff sent
4  back the signed signature page of the complaint and the proper in forma pauperis application, but
5  he did not sign the application under penalty of perjury (ECF No. 3). Instead plaintiff signed only
6  the portion of the application that authorizes the Court to collect payments from proceeds of any
7  recovery that plaintiff may obtain (ECF No. 3).

8  28 U.S.C. 1915(a)(1) gives the Court the authority to grant an in forma pauperis
9  application if the person seeking in forma pauperis submits an affidavit. Plaintiff's affidavit is
10 not in proper form as it was not signed under penalty of perjury. The Court has broad discretion
11 in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598, 600
12 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

13 The Court recommends denial of the application because it is not in proper form.
14 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14)
15 days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to
16 file objections will result in a waiver of those objections for purposes of de novo review by the
17 district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R.
18 Civ. P. 72(b), the clerk is directed to set the matter for consideration on June 21, 2013, as noted
19 in the caption.

20 Dated this 29th day of May, 2013.

J. Richard Creatura
United States Magistrate Judge